IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT JOYNER, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| OFFICER A. FERDINAND et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:17-CV-1450-TWT-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is a South Carolina state prisoner who, pro se, seeks relief under 42 U.S.C. § 1983 from officials in Fulton County, Georgia. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

**I.     The Screening Standard**

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.  Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the

deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

## II.   Plaintiff's Allegations[1]

In October 2014, Plaintiff was serving the last ten months of a four-year probation sentence in South Carolina.  Plaintiff obtained permission from his probation officer to work out of state.

Plaintiff found work in Atlanta, Georgia.  On October 24, 2014, Plaintiff received a check in payment for that work.  When Plaintiff presented the check to a bank, the bank learned that the check was reported as stolen.

On October 27, 2014, Defendant Officer A. Ferdinand arrested Plaintiff and took him to the Fulton County Jail (the "Jail").  Plaintiff was charged with forgery in the third degree.

---

[1] The factual allegations are taken from Plaintiff's complaint, and the exhibit attached to it, and presumed true for purposes of the § 1915A screening. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Plaintiff attached as an exhibit to his complaint a copy of the docket in his criminal case in the Superior Court of Fulton County. (Doc. 1 at 6-7.)

On November 7, 2014, a Fulton County grand jury indicted Plaintiff for forgery. The indictment was not signed. There was a preliminary hearing in the Superior Court of Fulton County on November 10, 2014.

At another hearing on January 8, 2015, Plaintiff pled not guilty, and the superior court considered whether to release him on bond. The prosecutor stated that he did not have a reason for Plaintiff to be detained, but that he would "come up with something" if given more time. (Doc. 1 at 4.) Plaintiff was not released on bond.

On April 11, 2015, Defendant Sergeant Jackson, a Jail officer, moved a homosexual inmate into Plaintiff's cell at three o'clock in the morning. While Plaintiff slept, the inmate put his hand in Plaintiff's pants and grabbed Plaintiff's genitals "as a practical joke." (*Id.*) Plaintiff says this incident is evidence of "evil motive" that supports his claim for punitive damages. (*Id.*)

On April 27, 2015, the forgery case against Plaintiff was dismissed. Plaintiff was extradited to South Carolina, however, where a court revoked his probation because of his arrest in Atlanta. The South Carolina court returned Plaintiff to prison.

Plaintiff contends that Defendant Ferdinand unlawfully arrested him and that Defendant Theodore Jackson, the Sheriff of Fulton County, falsely imprisoned him. Plaintiff also named Sergeant Jackson, the Jail officer, as a Defendant. In addition to

3

the false arrest and false imprisonment claims, Plaintiff claims that he was maliciously prosecuted for forgery.

Plaintiff seeks compensatory and punitive damages and expungement of the forgery charge from his record. Plaintiff submitted his complaint to the Court on April 20, 2017. (Doc. 1-2.)

### III.  Analysis

Claims under § 1983 based on events occurring in Georgia are subject to a two-year statute of limitations. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). The two-year period begins to run "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations and quotation marks omitted). For claims of false arrest and false imprisonment resulting in a criminal prosecution, the two-year period begins to run on the date the plaintiff is held pursuant to legal process, such as when he is arraigned on the charges. *Id.* at 389-90. For malicious prosecution claims, the period begins to run on the date the prosecution terminates in the plaintiff's favor. *Uboh v. Reno*, 141 F.3d 1000, 1005-06 (11th Cir. 1998); *Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996).

4

Plaintiff's false arrest and false imprisonment claims accrued no later than January 8, 2015, when he pled not guilty to the forgery charge. By that date, there had been a preliminary hearing and Plaintiff had been indicted. Because Plaintiff filed his complaint more than two years after he was held pursuant to legal process, his false arrest and false imprisonment claims are barred by the statute of limitations. *See Smith v. Mercer*, 580 F. App'x 871, 872 (11th Cir. 2014) (affirming dismissal under 28 U.S.C. § 1915(e)(2) of false arrest and false imprisonment claims where complaint demonstrated that claims were barred by the statute of limitations).

Plaintiff's malicious prosecution claim is timely because the forgery case was dismissed on April 27, 2015 and Plaintiff filed his complaint less than two years after that date. The complaint fails to state a viable malicious prosecution claim, however.

> A Georgia plaintiff, such as [Plaintiff], pressing a Section 1983 malicious prosecution claim must prove (1) a criminal prosecution instituted or continued by the [Section 1983] defendant, (2) with malice and without probable cause, (3) that terminated in the [Section 1983] plaintiff's favor, (4) that caused damage to the [Section 1983] plaintiff, and (5) that resulted in unreasonable seizure of the [Section 1983] plaintiff.

*Smith*, 580 F. App'x at 873.

Plaintiff's allegations do not support a finding that any Defendant prosecuted him with malice and without probable cause. The only allegation against Sheriff Jackson is "false imprisonment" because he detained Plaintiff at the Jail. (Doc. 1 at

5

4.) The only allegation against Sergeant Jackson is that he was a Jail officer who facilitated another inmate's sexual assault of Plaintiff at the Jail several months after Plaintiff was arrested and indicted.[2] And the only allegation against Officer Ferdinand is that he arrested Plaintiff. Those allegations do not support a plausible finding that any Defendant initiated the prosecution against Plaintiff, much less maliciously prosecuted him. *See Smith*, 580 F. App'x at 873 (affirming dismissal of malicious prosecution claim where the complaint's allegations were "devoid of any factual basis for satisfying the elements" of the claim).

To the extent Plaintiff contends the Fulton County prosecutor maliciously prosecuted him, the allegations in the complaint do not support that claim either. The only allegations that could be linked to the prosecutor for such a claim is that the indictment was not signed and the prosecutor had no reason why Plaintiff should not be released on bond. But those allegation are not sufficient to support a plausible finding that the prosecutor acted with malice and that there was not probable cause for the forgery charge. The court, not the prosecutor, made the bond decision and held a preliminary hearing after the indictment issued. (Doc. 1 at 6-7.)

---

[2] Plaintiff does not appear to assert a claim regarding the sexual assault itself. (*See* Doc. 1.) But if he did, the claim would be untimely because the alleged assault, and Sergeant Jackson's alleged facilitation of it, occurred more than two years before Plaintiff filed suit.

6

Moreover, even if there was not probable cause to arrest or prosecute Plaintiff for forgery, the prosecutor is "entitled to absolute immunity for the malicious prosecution of someone whom he lacked probable cause to indict." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993). Absolute immunity shields prosecutors' "[d]ecisions about indictment or trial prosecution," *see Van de Kamp v. Goldstein*, 555 U.S. 335, 862 (2009), and protects them from claims that they maliciously commenced a prosecution, *see Kalina v. Fletcher*, 522 U.S. 118, 124 (1997). Thus, any claim Plaintiff may have intended to assert against the prosecutor is not viable.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED**, this 1st day of June, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev.8/82)